UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARY JANE THACKER,**<br>                    **PLAINTIFF,**<br><br>v.<br><br>**MCDONALD'S RESTAURANTS OF OHIO, INC.**<br>                    **DEFENDANTS.** | Case No:   CIV-20-1000-SLP |

## AMENDED COMPLAINT

COMES NOW Mary Jane Thacker, an individual, and Plaintiff in the above styled and captioned cause, by and through the undersigned counsel, and files her *Complaint*, in support thereof she shows this Court as follows:

### NATURE OF THE ACTION

This is an action against McDonalds Restaurants of Ohio, Inc. for their negligent acts and grossly negligent failure to maintain reasonably safe facilities.

### PARTIES

1. Plaintiff, Mary Jane Thacker at all times relevant and material here is an individual residing in Norman, Oklahoma, Cleveland County, State of Oklahoma.

2. Defendant, McDonalds Restaurants of Ohio, Inc is an out of state corporation doing business in Ohio.

//

//

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over the above-named defendants and venue is proper in this Court pursuant to 28 U.S. C. §1391 as a substantial part of the events or omissions giving rise to the claims in this matter occurred in Norman, Oklahoma. More specifically, all medical providers, individuals with personal knowledge of the extent of Plaintiff's injuries, and all medical treatment facilities patronized by the Plaintiff are located within the Western District of the United States District Court for Oklahoma.

4. The Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. §1332 in that there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00 exclusive of costs and interest.

**COUNT I**
**[Negligence]**

5. Upon information and belief, Defendant McDonald's Restaurants of Ohio, Inc. is and at all relevant times hereto a restaurant corporation licensed to do business in Ohio and primarily engaged in selling food in its corporate owned stores and through licensing and franchise agreements in Marion, Ohio and throughout the state of Ohio.

6. Upon information and belief, Defendant McDonald's Restaurants of Ohio, Inc. currently and at all relevant times were responsible for the management and staffing of the McDonald's location in Marion, Ohio.

7. Defendant had a duty to Plaintiff to safely maintain the premises of the subject McDonald's location and to warn Plaintiff of dangers which were created by Defendant's employees and agents and by their business operations.

8. The Public is openly invited to enter the subject McDonald's Restaurant.

9. Defendant and its agents currently and at all relevant times were responsible for maintaining the floors in the subject McDonald's restaurant in a reasonably safe condition.

10. Defendant and its agents currently and at all relevant times were responsible for scheduling employee shifts at the subject McDonald's location as reasonably necessary to monitor the floors on said property for unsafe conditions.

11. Defendant and its agents were responsible for training employees as reasonably necessary to keep the subject McDonald's location in a reasonably safe condition.

12. Defendant and its agents were responsible for supervising employees as reasonably necessary to maintain the subject McDonald's location in a reasonably safe condition.

13. Defendant and its agents at all relevant times were aware that spills on the floor of the subject McDonald's location would create an unsafe condition and should be expected in such an environment.

14. Defendant's employees are responsible for identifying unsafe conditions at McDonald's.

15. Defendant's employees are responsible for remedying or warning the public of any dangerous conditions in McDonald's as soon as possible after they are identified.

16. On or about the 1st of October 2018, Plaintiff was a business invitee at McDonald's Restaurant located in Marion, Ohio.  At the time, Plaintiff had finished placing her food order and was approaching the soda fountain to procure a carbonated beverage.

17. Plaintiff was unaware that there was a slick area on the floor, which created an unreasonably dangerous condition, a condition of which the Defendant knew or through the exercise of due care should have known.

18. While walking to the fountain area, Plaintiff, in spite of her exercise of due care, stepped on the slick area, and suddenly, and without warning fell.  The fall swept both of Plaintiff's feet from underneath her, sent her airborne and caused her to land on her face, causing grave injury to her person, and causing her limbs and torso to strike the floor with great force.

19. After her fall, Plaintiff remained on the floor for some time before McDonald's staff came to provide assistance with Plaintiff's resuming an upright position.

20. Defendant's agent, a member of management, took Plaintiff's name and telephone number, and generated an incident report.

21. Plaintiff was unable to return home from Ohio as planned due to the extreme pain and was forced to remain in Ohio for the better part of a week before she could withstand the ride back to Oklahoma.

22. Defendant knew or reasonably should have known that the condition of the floor in the subject McDonalds restaurant posed an unreasonable risk of harm to the Plaintiff.

23. Defendant had a duty to eliminate and/or mitigate said unreasonable risk of harm.

24. Defendant breached these duties and all others described herein to Plaintiff.

25. As a result of Defendant's breaches of its duties of care, Plaintiff was subsequently diagnosed by Norman Regional Health System with various injuries, requiring extensive treatment and medical care.  Since her initial evaluation and diagnosis, Plaintiff has been treated for additional medical injuries, all associated with her fall at McDonalds restaurant in Marion, Ohio.

26. Plaintiff continues to experience pain because of her fall, and it is anticipated that such pain and discomfort will continue for the foreseeable future.

27. As a result of her fall and the resulting injuries, Plaintiff's usual daily activities have been hampered due to the pain, discomfort and loss of range of motion which she has and continues to experience. Moreover, her treating Physician anticipated that she will need future medical care and attention.

28. As a direct and proximate result of the fall and subsequent injuries suffered by Plaintiff, she has been  incapacitated and other ailments have been triggered.

29. As a direct and proximate result of the fall at McDonalds restaurant in Marion, Ohio and the subsequent injuries sustained, Plaintiff suffered financial losses.

30. As a direct and proximate cause of the fall and of Defendant's negligence, Plaintiff suffered multiple injuries, damages, and pain and suffering, and was required to undergo extensive rehabilitation.

31. As a direct and proximate cause of the fall and of Defendant's negligence, Plaintiff will continue to suffer pain and will never fully recover the complete use and function of her body and person.

32. As a direct and proximate cause of the fall and of Defendant's negligence, Plaintiff was unable to continue to participate in her daily activities and has lost the ability to commune and consort with family, friends, and colleagues.

33. As a direct and proximate cause of the fall and of Defendant's negligence, Plaintiff has incurred significant medical expenses for care, treatment, medication, and therapy and other medical services and will continue to incur such expenses in the future.

34. As a direct and proximate case of the fall and of Defendant's negligence, Plaintiff will have future pain and suffering.

35. Defendant's conduct was a substantial factor and a legal cause of the injuries and damages sustained by Plaintiff as herein alleged and Defendant is liable to Plaintiff for the injuries and damages legally caused by the conduct alleged herein in an amount to be proven at trial.

36. Defendant is liable for the acts and/or omissions of its agents pursuant to the doctrine of respondeat superior.

## COUNT II
### [Gross Negligence]

Plaintiff herein incorporates by reference the allegations contained in the above paragraphs, as if restated herein in their entirety.

37. Defendants knew or should have known that patrons of the subject McDonald's restaurant would find the soda fountain area an attractive location and that a high volume of foot traffic would be expected.  Accordingly, Defendant should have been overly cautious in its procedure for monitoring such premises on a timely and regular basis.  Indeed, Defendant's employees and agents were well aware of the dangerous condition posed by the spill and yet neglected to immediately remove such dangerous condition.  Such failure created a needlessly and unreasonably dangerous condition and Defendant should have realized the great potential for danger and injury as a result of its conduct.

38. Defendant was in a position to prevent the dangerous condition which injured Plaintiff, but Defendant intentionally failed to take the necessary action to do so.

39. Defendant could have easily avoided the dangerous conditions which caused Plaintiff to fall and be injured, but Defendant wholly failed to take any appropriate action and thereby subjected Plaintiff to avoidable personal injury.

40. Defendant's failure to implement procedures that would avoid the creation of an inherently dangerous situation and Defendant's failure to recognize and remedy such danger constitutes gross negligence.

41. Defendant's gross negligence was a substantial factor and a legal cause of the injuries and damages sustained by Plaintiff as herein alleged and Defendant is liable to Plaintiff for the injuries and damages legally caused by the conduct alleged herein in an amount to be proven at trial.

## COUNT III
### [Negligent Infliction of Emotional Distress]

Plaintiff herein incorporates by reference the allegations contained in the above paragraphs, as if restated herein in their entirety.

42. Defendant owed a duty to Plaintiff to protect her from foreseeable injuries, which could have been anticipated, and therefore Defendant's failure in such regard was nothing less than reckless and intentional.

43. Defendant failed to perform its duty owed to Plaintiff.

44. Plaintiff's injuries were a direct and proximate cause of Defendant's failure to perform such duty to Plaintiff.

45. Defendant, by its negligent conduct, has caused emotional distress to the Plaintiff.

46. As a direct and proximate result of Defendant's actions or failure to act, its negligent conduct, the oppressive and conscious disregard of Plaintiff's rights, and reckless disregard for Plaintiff's health and well-being, Plaintiff has suffered and will continue to suffer mental pain and suffering and emotional distress.

//
//

## COUNT IV
### [Exemplary Damages]

Plaintiff herein incorporates by reference the allegations contained in the above paragraphs, as if restated herein in their entirety.

47. The conduct of Defendant that resulted in causing injuries and damage to Plaintiff was willful, wanton, malicious, oppressive, grossly negligent, and committed in knowing disregard of the rights of the Plaintiff.

48. As a result of said conduct, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants above-named, jointly and severally, as follows:

    A.    General, special and exemplary damages in amounts to be determined at trial;

    B.    Pre-judgment and post-judgment interest in the maximum amount provided by law; and

    C.    Such other and further relief as the Court deems just and equitable under the circumstances.

s/Ge'Andra D. Johnson
Ge'Andra D. Johnson, OBA# 32810
**GREEN, JOHNSON, MUMINA & D'ANTONIO**
400 North Walker Avenue Suite 100
Oklahoma City, Oklahoma 73102
Telephone:   (405) 702-7228
Facsimile:   (405) 702-6898
**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL REQUESTED; ATTORNEY LIEN CLAIMED**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 1ST day of October 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF Registrant:

Elizabeth L. Dicus
Jones Day - Columbus
Ste. 600
325 John H. McConnell Blvd.
Columbus, OH 43215-5017
614-281-3873
Fax: 614-461-4198
Email: eldicus@jonesday.com
*ATTORNEY TO BE NOTICED*

                                              s/Ge'Andra D. Johnson